IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE L. RODRIGUEZ, #10610-179, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-01236-JPG |
| | ) |
| F. AHMED | ) |
| | ) |
|        Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on Defendant Faisal Ahmed's Motion for Summary Judgment. (Doc. 24). Doctor Ahmed seeks summary judgment on the merits of Plaintiff Joe Rodriguez's claim against him for the denial of medical care during his incarceration at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"). (*Id*.). (Doc. 8). The motion shall be **DENIED**.

### BACKGROUND

Plaintiff Joe Rodriguez is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and is currently confined at FCI-Greenville. On November 30, 2020, he filed this action for alleged violations of his constitutional rights by the prison's physician, Dr. Faisal Ahmed, pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 1). In the Complaint, Plaintiff claims he was denied medical care for numerous serious health conditions at FCI-Greenville in 2020. (*Id*. at 1-17). Following screening under 28 U.S.C. § 1915A on January 11, 2021, this Court allowed Plaintiff to proceed with an Eighth Amendment claim against Dr. Ahmed for denying him adequate medical care for his diabetes, elevated liver enzymes, scalp condition, back pain, and hernia at FCI-Greenville in 2020. (Doc. 8).

1

On March 24, 2021, Dr. Ahmed filed a motion for summary judgment on the merits of this claim. (Doc. 24). The doctor asserts that he provided adequate medical care to Plaintiff, who suffered from only one serious medical condition: diabetes. In support of the motion, Dr. Ahmed offers 400 pages of documentation. (*See* Docs. 24-1, 24-2, 24-3, 24-4 and 25). However, he sets forth no fact section in the brief, forcing Plaintiff and the Court to sift through the brief and 400 pages of exhibits to determine whether a genuine issue of material fact precludes summary judgment.

Plaintiff filed a response in opposition to the motion on September 3, 2021. (Doc. 40). He maintains that each one of his medical needs was serious, and Dr. Ahmed responded to them with deliberate indifference by denying him treatment altogether, offering treatment he knew was ineffective, and causing him unnecessary pain. (*Id*.). In response to Plaintiff's requests for medical care, the doctor stated that the "BOP would not waste any more taxpayer money on [him]." (Doc. 40-1, ¶ 13). Dr. Ahmed also told Plaintiff to "go to [his] cell and hang [him]self." (*Id*. at ¶ 14). Plaintiff supports his motion with a 2-page affidavit. (*See* Doc. 40-1).

## DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure ("Rule 56") governs motions for summary judgment and authorizes a party to move for summary judgment at any time until thirty days after the close of discovery. FED. R. CIV. P. 56(b). Although a movant is not prohibited from filing an early motion for summary judgment, the motion will be denied if the movant cannot establish the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celetex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). To demonstrate the presence or absence of a genuine dispute, a party must cite to particular materials in the record, such as depositions, documents,

electronically stored information, affidavits, declarations, admissions, interrogatory answers, or other materials.  FED. R. CIV. P. 56(c)(1).

When presented with a motion for summary judgment, the Court does not decide the truth of the matters presented, and it cannot "choose between competing inferences or balance the relative weight of conflicting evidence."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hansen v. Fincantieri Marine Grp., LLC,* 763 F.3d 832, 836 (7th Cir. 2014) (citations omitted); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir 1994).  Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party.  *Lawrence*, 391 F.3d at 841.  Because Plaintiff is the nonmoving party, all reasonable inferences are drawn in his favor.  *See Ricci v. DeStefano*, 557 U.S. 557, 585 (2009).  And, if the nonmovant is unable to present facts essential to justify his position, the Court may: (1) defer consideration of the motion or deny it; (2) allow time to obtain affidavits or declarations or to conduct discovery; or (3) issue any other appropriate order.  FED. R. CIV. P. 56(d).

The Court deems it necessary and appropriate to deny the pending motion for summary judgment under Rule 56(d) and allow the parties to conduct discovery.  Dr. Ahmed filed the motion for summary judgment on the merits on March 24, 2021, just two days after he answered the Complaint on March 22, 2021.  (*See* Docs. 19 and 24).  He filed the motion one day after the Court entered a Scheduling and Discovery Order on March 23, 2021, setting deadlines for initial disclosures (April 23, 2021 and May 10, 2021), discovery on the merits (January 24, 2022), and dispositive motions (February 23, 2022), among other things.  (Doc. 22).

At the time, Plaintiff was not represented by counsel.  He litigated this matter *pro se* until April 30, 2021, when the Court granted his motion for recruitment of counsel.  (*See* Doc. 33).

3

Counsel did not appear on his behalf until May 10, 2021, or file a response in opposition to the motion until September 3, 2021.  (*See* Docs. 36 and 40).

The parties did not complete any discovery.  On January 6, 2022,  they filed a joint motion to stay all discovery pending a decision on summary judgment.  (*See* Doc. 41).  This was four months after all briefing on the summary judgment motion was complete.  Even so, the parties explained that Plaintiff never produced any initial disclosures to Dr. Ahmed, either before or after the deadline expired on April 23, 2021.  (*Id*. at ¶ 2).  Although Plaintiff served Dr. Ahmed with a set of written interrogatories and requests for production of documents on December 22, 2021, the parties characterized this written discovery as "premature" in light of the pending summary judgment motion.  (*Id*. at ¶¶ 4-5).  Dr. Ahmed requested the benefit of Plaintiff's initial disclosures before incurring any obligation to respond to the written discovery requests.  (*Id*. at ¶ 5).

This case was in its infancy when Dr. Ahmed moved for summary judgment.  Plaintiff did not have ample opportunity to obtain information necessary to oppose the motion.  Even so, Plaintiff points to factual disputes that preclude summary judgment on his claims of deliberate indifference to his diabetes, elevated liver enzymes, scalp condition, untreated back pain, and untreated hernia.  (*See* Docs. 40 and 40-1).  He puts forth facts suggesting that his diabetes and related conditions (*i.e.*, elevated liver enzymes and scalp condition) were subject to ineffective treatment by the doctor, and his chronic back pain and alleged hernia were simply ignored.  (*Id*.).  In response to his requests for treatment, Plaintiff was told to go hang himself and also told that no more BOP money would be wasted on him.  (Doc. 41-1, ¶¶ 13-14).  As the nonmoving party, Plaintiff is entitled to the benefit of any doubt regarding the facts at issue.

Given the presence of factual disputes cited by Plaintiff and the absence of undisputed facts presented by Dr. Ahmed, the Court finds that summary judgment must be denied.  The parties have

had an insufficient opportunity to develop the record, obtain necessary documents, conduct written discovery, or take depositions. Accordingly, the Court shall deny summary judgment and allow the parties to proceed with discovery at this time. FED. R. CIV. P. 56(d).

## DISPOSITION

Defendant Faisal Ahmed's Motion for Summary Judgment (Doc. 24) is **DENIED** without prejudice pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, and the Joint Motion to Stay Discovery (Doc. 41) is **DISMISSED** as **MOOT**. The Court will separately enter an amended scheduling and discovery order setting new deadlines for discovery and dispositive motions herein.

**IT IS SO ORDERED.**

**DATED: 3/29/2022**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**United States District Judge**