IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOE L. RODRIGUEZ, #10610-179,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-01236-JPG |
| | ) |
| **F. AHMED,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Now before this Court is Defendant Ahmed's Notice and Motion of Supplemental Authority and Motion for Reconsideration of the Screening Order ("Motion for Reconsideration"). (Doc. 47). Dr. Ahmed seeks dismissal of the Eighth Amendment medical deliberate indifference claim (Count 1) under 28 U.S.C. § 1915(e)(2)(B)(ii), in light of the Supreme Court's decision in *Egbert v. Boule*, -- U.S. --, 142 S.Ct. 1793 (2022).[1] He asserts that *Egbert* narrows the scope of the implied damages remedy recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and now forecloses this claim. Because this case is not meaningfully different from *Carlson v. Green*, 446 U.S. 14 (1980), and survives review under § 1915(e)(2)(B)(ii), the Motion for Reconsideration shall be **DENIED**.

## Background

Joe Rodriguez brought this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for the denial of medical care for several serious medical conditions at the

---

[1] Counsel for both parties filed a Joint Motion for Briefing Schedule, in which they requested a formal briefing schedule to address what is, in effect, a dispositive motion seeking dismissal of the action for failure to state a claim. (Doc. 48). The Court granted the motion and entered a briefing schedule on the pending Motion for Reconsideration. (Doc. 51). Briefing concluded September 26, 2022. (Doc. 55).

1

Federal Correctional Institutional in Greenville, Illinois (FCI-Greenville).  (Doc. 1, pp. 1-17). He claims that Dr. Ahmed denied his requests for treatment as too costly and told him to hang himself.  (*Id*.).  Following screening of this matter under 28 U.S.C. § 1915A on January 11, 2021, the Court allowed Rodriguez to proceed with an Eighth Amendment medical deliberate indifference claim against Dr. Ahmed.  (Doc. 8).

Five months later, the United States Supreme Court decided *Egbert v. Boule*, -- U.S. --, 142 S.Ct. 1793 (2022), a case in which the Court considered the availability of a *Bivens* remedy for a plaintiff who brought a Fourth Amendment excessive force claim and First Amendment retaliation claim against a border patrol agent in a border security context.  *Id*.  The Court concluded that the *Bivens* remedy was unavailable in this context, emphasizing that its prior "cases have made clear that, in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the Courts."  *Egbert*, 142 S.Ct. at 1800.  Dr. Ahmed now argues that *Egbert* fatally undermines the continued viability of Rodriguez's claim, and the doctor seeks dismissal of Count 1 for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B)(ii).  (Doc. 47).

## Applicable Legal Standards

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  However, Rule 54(b) authorizes review and revision of a nonfinal order "at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities."  FED. R. CIV. P. 54(b).  Motions filed pursuant to Rule 54(b) generally serve the very limited purpose of correcting manifest errors of law or fact.  *Reynolds v. Williams*, No. 22-cv-00139-JPG, 2022 WL 2291727, at *1 (S.D. Ill. June 24, 2022) (citation omitted).  Rule 54(b) motions are also appropriately used to alert the Court to "a significant change in the law or facts."  *Id*. at *1 (quoting

*Janusz v. City of Chicago*, 78 F. Supp. 3d 782, 787 (N.D. Ill. 2015), aff'd, 832 F.3d 770 (7th Cir. 2016) (citing *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008)).

Section 1915(e)(2)(B)(ii) requires the Court to dismiss a case "at any time" upon a finding that it fails to state a claim for relief: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case *at any time* if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." *Id*. (emphasis added). This standard is virtually identical to 28 U.S.C. § 1915A, the standard applied in the initial screening order. When reviewing a complaint under both standards, the Court liberally construes the allegations in favor of a *pro se* plaintiff.[2] *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Against this backdrop and the recent *Egbert* decision, the Court will reexamine the pleadings.

## Discussion

In the Complaint, Rodriguez brings a claim for money damages pursuant to *Bivens* against Dr. Ahmed for medical deliberate indifference in violation of the Eighth Amendment prohibition against cruel and unusual punishment of prisoners. (Doc. 1). Plaintiff allegedly sought treatment for several serious medical conditions during his incarceration at FCI-Greenville, including a scalp condition, hernia, back injury, diabetes, and elevated liver enzymes. (*Id*. at 6, 17). The doctor denied treatment as being too costly and proposed suicide instead. (*Id*.).

In its initial review, the Court recognized that *Bivens* is the federal counterpart to 42 U.S.C. § 1983. (Doc. 8, p. 2) (citing *Bush v. Lucas*, 462 U.S. 367, 374 (1983)). The two are "conceptually identical and further the same policies," so courts frequently refer to decisions in the Section 1983 context when looking for guidance in analyzing claims brought under *Bivens*. (*Id*.) (quoting *Green*

---

[2] At the time he filed the Complaint, Rodriguez was not represented by counsel. (Doc. 1).

*v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978)).  In both contexts, the Eighth Amendment prohibits deliberate indifference to serious medical needs of prisoners.  (*Id.*) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citing *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  In order to state a claim, a plaintiff must show that he or she has a medical need that is sufficiently serious (an objective standard).  (*Id.* at 2-3) (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997)).  He must also demonstrate that the defendant responded to his medical need with deliberate indifference (a subjective standard), which occurs when the defendant knew of and disregarded "an excessive risk to inmate health or safety." *Id*.  The Court previously found that Plaintiff's allegations suggest Dr. Ahmed knew of and disregarded an excessive risk to Plaintiff's health when he denied medical treatment for these objectively serious medical conditions and recommended suicide instead.  Count 1 proceeded on this basis, and the allegations still satisfy the objective and subjective components of this claim.

Count 1 survives review here, if this Eighth Amendment medical deliberate indifference claim withstands scrutiny under the framework applied in *Egbert*.  When Congress enacted Section 1983 authorizing a right of action for federal constitutional violations against state actors, it created no analogous statute authorizing a suit for money damages against individual federal agents.  There was also no corresponding statute authorizing claims against individual federal agents for constitutional deprivations.  *Ziglar v. Abbasi*, -- U.S. --, 137 S.Ct. 1843, 1854 (7th Cir. 2017).  The Supreme Court decided *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) against this backdrop.  In *Bivens*, the Court considered whether federal officers could be liable for Fourth Amendment violations they committed when arresting a man in his home and conducting a search without a warrant or probable cause.  *Id*.  The Court noted that the Fourth Amendment provides no explicit damages remedy but also observed that Congress took no action to foreclose a remedy

in "explicit terms" and that no "special factors" suggested the judiciary should "'hesitat[e]' in the face of congressional silence." *Id*. at 396-97; *Abbasi*, 137 S.Ct. at 1854.  The Court concluded that the implied damages remedy was available.  *Id*.

The Supreme Court has since resisted expansion of *Bivens*, recognizing the implied damages remedy in only two other constitutional contexts: (1) a Fifth Amendment due process claim of gender discrimination against a former female congressional staffer in *Davis v. Passman*, 442 U.S. 228 (1979); and (2) an Eighth Amendment medical deliberate indifference claim against federal prison officials in *Carlson v. Green*, 446 U.S. 14 (1980).  The Court has declined to extend the remedy into any other context or new category of defendants and has more recently expressed even greater caution in recognizing implied causes of action in the *Bivens* context.  *See Abbasi*, 137 U.S. at 1856.  Significantly, in *Abbasi*, the Court took the position that any further expansion of this remedy is a strongly disfavored judicial activity.  *See id*.

When presented with a *Bivens* case post-*Abbasi*, a court should first determine whether the case differs in a meaningful way from *Bivens* claims previously authorized by the Supreme Court. *Id*. at 1859-60.  If so, the case arises in a new context, and a *Bivens* remedy is unavailable if there are "special factors" indicating that the Judiciary is at least arguably less equipped than Congress to "weigh the costs and benefits of allowing a damages action to proceed." *Abbasi*, 582 U.S. at --, 137 S.Ct. at 1858 (internal quotation marks omitted).

The Supreme Court identified the following meaningful differences that might signal a new context: the constitutional right at issue, rank of the officers involved, the generality or specificity of the official action, extent of judicial guidance about how an officer should respond to a given problem or emergency, the statutory or other legal mandate under which the officer was operating,

risk of disruptive intrusion by the Judiciary into the functioning of other branches, or presence of potential special factors not contemplated in prior *Bivens* cases. *Id.*

If presented with a new context, the Court must next consider whether special factors counsel hesitation in expansion of the *Bivens* remedy. *Id.* Special factors include the impact on government operations systemwide, burdens on government employees who are sued personally, projected costs and consequences to the government, whether Congress has designed its regulatory authority in a guarded way, the existence of an alternative remedial structure, or some other aspect of a case that causes the court to pause before acting without congressional authority. *Abbasi*, 137 S.Ct. at 1858. This analysis is, in turn, driven by separation-of-powers principles. *Id.* (citing *Bush v. Lucas*, 462 U.S. 367, 380 (1983)). The key question is whether Congress or the courts should decide to provide for a damages remedy. *Id.* According to the Supreme Court, "[t]he answer will most often be Congress." *Id.*

This analytical framework used in *Abbasi* remained unchanged by *Egbert v. Boule*, -- U.S. --, 142 S.Ct. 1793 (2022). *Egbert* involved two constitutional claims brought by an owner (Boule) of a bed-and-breakfast located near the international border between the United States and Canada. Boule brought suit for money damages against an agent employed by the United States Border Patrol, and others, for using excessive force against him, in violation of the Fourth Amendment, and for retaliating against him for filing a formal grievance against the agent, in violation of the First Amendment. Boule asked the district court to recognize a damages action for each of these constitutional violations pursuant to *Bivens*. *Id.* at 1807.

The District Court declined to extend *Bivens* into either context. The Ninth Circuit Court of Appeals reversed. *Id.* On review, the Supreme Court held that *Bivens* does not extend into the First Amendment retaliation context or Fourth Amendment excessive force context arising from

border-related functions. *Id.* Moreover, no other reasons warrant expansion of this remedy into either realm because Congress, not the court, is better-suited to authorize a damages remedy. *Id.* In reaching this conclusion, the Supreme Court made clear that it retained the same two-step analysis used in *Abbasi*. Significantly, the Supreme Court did not overturn *Bivens* or its progeny in *Egbert*. 142 S.Ct. at 1823 (Sotomayor, J., concurring in part and dissenting in part) ("*Egbert* unmistakably stops short of overruling *Bivens* and its progeny, and appropriately so.").

This includes *Carlson v. Green*, 446 U.S. 14 (1980), a lawsuit brought on behalf of the estate of a federal inmate who died from personal injuries he suffered during an asthma attack at a federal prison in Indiana. *Carlson*, 446 U.S. at 16-17, n. 1. Plaintiff alleged that federal officials were aware of the inmate's chronic asthma condition and the prison's inadequate medical facilities when they chose to keep him in the facility against the advice of doctors and without competent medical attention for eight hours after an asthma attack. *Id.* Following the inmate's death, Plaintiff brought an Eighth Amendment claim for deliberate indifference to his serious medical needs, among other claims. The Supreme Court held that the *Bivens* remedy was available. *Id.*

The instant case is not meaningfully different from *Carlson*. Both cases involve a claim for the denial of medical care in a prison setting. In both, the inmate suffered from one or more preexisting, chronic medical conditions, for which he received inadequate treatment despite each defendant's awareness of the serious risks of harm posed by inadequate treatment. Both name top medical officers at federal prisons as defendants. Both cases are predicated upon the Eighth Amendment. The same constitutional right is at issue, *i.e.*, the right to be free from cruel and unusual punishment. The mechanism of injury is the same, *i.e.*, failure to provide adequate medical care. And, the judicial guidance on such claims is firmly established; the Court "has long made clear the standard for claims alleging failure to provide medical treatment to a prisoner—

'deliberate indifference to serious medical needs.'" *Abbasi*, 137 S.Ct. at 1865 (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Although the Supreme Court has indicated that it might have decided *Bivens*, *Passman*, and *Carlson* differently today, all three decisions still stand.

And, since *Egbert*, the Seventh Circuit has reiterated that the two-part test used post-*Abbasi* to evaluate claims under *Bivens* remains the same:

> The first question a court must ask is whether the plaintiff's claim presents a new '*Bivens*' context, *i.e.*, whether the case is different in a meaningful way from previous *Bivens* cases decided by this Court. If it is, the court must then decide whether there are 'special factors counselling hesitation' in allowing the claim to go forward.

*Greenpoint Tactical Income Fund LLC v. Pettigrew*, 38 F.4th 555, 561 (7th Cir. 2022) (citations omitted). The instant case is not meaningfully different from *Carlson*, and the Court now finds that the claim of medical deliberate indifference presents no new *Bivens* context. Having previously concluded that this claim survives screening under § 1915A and now concluding that it survives review under § 1915(e)(2)(B)(ii) post-*Egbert*, the Court shall deny the motion for reconsideration (Doc. 47).

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons discussed above, Defendant Ahmed's Notice and Motion of Supplemental Authority and Motion for Reconsideration of the Screening Order (Doc. 47) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: 1/23/2023**

s/J. Phil Gilbert<br>
**J. PHIL GILBERT**<br>
**United States District Judge**