UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOE L. RODRIGUEZ,

      Plaintiff,

  v.

F. AHMED,

      Defendant.

Case No. 20-cv-1236-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the bill of costs submitted by defendant Dr. Faisal Ahmed (Doc. 68). Plaintiff Joe L. Rodriguez objected on the grounds that he is indigent (Doc. 70), and Dr. Ahmed responded to that objection (Doc. 72).

Dr. Ahmed prevailed in this medical deliberate indifference action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). The Court granted summary judgment in his favor and entered judgment on May 19, 2023 (Docs. 66 & 67). Several days later, Dr. Ahmed filed a bill of costs for the amount of $3,391.25 for the depositions of Rodriguez and Dr. Ahmed and for copies of Rodriguez's medical records from third-party providers.

Rodriguez does not object to the claimed costs as unjustified but instead appeals to the Court's discretion to deny the bill of costs because he is indigent. He argues that he does not have the ability to pay now or in the foreseeable future because of his incarceration. Rodriguez also notes he filed this lawsuit in good faith, honestly believing his constitutional rights were violated. In response, Dr. Ahmed notes that Rodriguez is scheduled to be released from prison in January 2027 and has represented in a motion for compassionate release in his criminal case that he will work two jobs at specific employers who are waiting for him to be released. *See United States v. Rodriguez*, No. 18-cr-00102-DLH-1 (D.N.D.).

Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice.

Fed. R. Civ. P. 54(d)(1).  Costs allowed to be taxed are set forth in 28 U.S.C. § 1920.  The Court presumes that a prevailing party is entitled to costs as a matter of course, *Krocka v. City of Chi.*, 203 F.3d 507, 518 (7th Cir. 2000), but has the discretion to deny or reduce costs where warranted, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  If the Court reduces or denies costs, it must explain its decision.  *Krocka*, 203 F.3d at 518.

A reduction or denial of costs may be appropriate, for example, where a non-prevailing party is indigent and his suit is not frivolous.  *See Rivera v. City of Chi.*, 469 F.3d 631, 634-35 (7th Cir. 2006) (citing *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983)).  In deciding whether to hold an indigent party liable for costs, the Court should examine the party's income, assets and expenses and make a threshold finding whether the losing party is incapable of paying the costs at the present time or in the future.  *Rivera*, 469 F.3d at 635.  The Court should also consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs."  *Id.*  The exception to the cost-shifting presumption for indigent losing parties is narrow, and the burden is on the losing party to show he fits within the exception.  *Id.* at 636.

Rodriguez is currently indigent.  When he filed this lawsuit he had a little more than $22 in his prison trust fund account and an average daily balance of about $50.  He has been incarcerated since then, and even with a prison job, his wages are not sufficient to raise him out of indigency.  His declaration attached to his objection shows that his current financial situation remains essentially the same.  Rodriguez is clearly not capable of paying the costs at the present time.

Dr. Ahmed points to Rodriguez's statements in his criminal case that he has two jobs waiting for him when he is released in 2027, and argues that this means Rodriguez will have the ability to pay costs in the future.  The Court is not as confident as the parties are that nearly four years from now Rodriguez's jobs will still be waiting for him; lots can happen to an employer in a couple of years.  So

the Court does not put much weight on the expected jobs and does not find that such speculation supports the conclusion that Rodriguez will be capable of paying the entire award of costs in the future.

However, in light of the minimal living expenses Rodriguez must pay while incarcerated and the likelihood that he will have some higher income in the future, the Court finds he will be able to pay *some costs* without undue hardship.  The Court also considers that, while Rodriguez's case sought to enforce an important constitutional right—the Eighth Amendment right not to be subjected to cruel and unusual punishment—it was not really a close case on the merits.  Dr. Ahmed was not at all deliberately indifferent to Rodriguez's many medical needs and, indeed, far exceeded those minimum standards, a fact Rodriguez fails to appreciate.  The Court hesitates to say Rodriguez's lawsuit was in bad faith, but it was certainly not strong once the evidence was considered on summary judgment.  The Court therefore finds a reduced award of costs is appropriate.

For these reasons, the Court **OVERRULES** Rodriguez's objection to costs (Doc. 70) but will reduce the amount of costs requested to $512.75, the copying charges Dr. Ahmed incurred in this case. Therefore, the Court orders an award of costs in the total amount of $512.75 to defendant Dr. Ahmed. The Court further **DIRECTS** the Clerk of Court to enter a judgment of costs accordingly.

**IT IS SO ORDERED.**
**DATED:  June 21, 2023**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**